# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | Case Nos. 11-20011-CM (Criminal) |
| v. ) | 13-2067-CM (Civil) |
| OVEX GOMEZ-ALVAREZ, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Ovex Gomez-Alvarez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 40). Defendant raises a number of challenges, including whether he knowingly and voluntarily entered a plea of guilty, whether the court had jurisdiction, and whether his counsel was ineffective. Many of defendant's claims are conclusory and without factual support, and there is no meritorious basis for an evidentiary hearing. In addition, the Tenth Circuit Court of Appeals ruled on several of defendant's claims on appeal. For the following reasons, the court denies defendant's motion.

### I. Background

On February 23, 2011, a grand jury returned a one-count indictment alleging aggravated illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On April 18, 2011, defendant pleaded guilty to Count One of the Indictment without a plea agreement. The court inquired into many aspects of the plea, including its voluntariness, defendant's knowledge of the consequences, and the discretion involved in sentencing, among other things. Once the court was satisfied that the guilty plea

-1-

was made knowingly and voluntarily with defendant's full comprehension of the charges and consequences, it accepted the guilty plea and ordered the United States Probation Office ("USPO") to prepare a Presentence Investigation Report ("PSR").

The PSR calculated a base offense level of eight, in accordance with United States Sentencing Guideline § 2L1.2(a). Defendant's prior felony conviction added a sixteen-level enhancement to the base offense level, and his acceptance of responsibility afforded him a three-level reduction. Defendant's total offense level was twenty-one, which, coupled with his criminal history category of IV, led to a sentencing range of fifty-seven to seventy-one months.

On July 18, 2011, the court sentenced defendant to sixty months imprisonment with three years of supervised release and a $100 dollar assessment. Defendant appealed. The Tenth Circuit initially appointed counsel, but counsel filed an *Anders*[1] brief, requesting to withdraw. Agreeing that defendant lacked a nonfrivolous basis for appeal, the Tenth Circuit granted counsel's request. On May 31, 2012, the Tenth Circuit dismissed defendant's appeal. On February 7, 2013, defendant filed a pro se motion requesting that the court vacate his sentence under 28 U.S.C. § 2255.

## II. Legal Standard

28 U.S.C. § 2255 allows "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." Not every asserted error of law can be raised in a § 2255 motion. *Davis v. United States*, 417 U.S. 333, 346 (1974). The appropriate inquiry is whether the claimed error of law was a "fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

*Hill v. United States*, 368 U.S. 424, 428 (1962) (quotation marks omitted)). The court also looks at whether the motion presents exceptional circumstances, where the need for the remedy is apparent. *See id.*

Section 2255 motions are not available to test the legality of matters that should have been raised on direct appeal. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993)). A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. *Id*. In addition, issues that have been previously considered and disposed of on direct appeal are barred from a § 2255 motion. *Id.*

The court must hold an evidentiary hearing unless the motion, files, and records conclusively show that the prisoner is not entitled to relief. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). Defendant bears the burden of alleging facts which, if proven, would entitle him to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995). The allegations must be specific and particularized, not general or conclusory. *Id.* The court is not required to fashion defendant's arguments for him where his allegations are merely conclusory in nature and lack supporting factual allegations. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

### III. Analysis

#### A. Ground One

First, defendant states he was not read his *Miranda*[2] rights and that defense counsel was ineffective for not filing a motion to suppress any statements taken. Defendant also claims that the

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

facts were not as previously described. Specifically, defendant claims that he was not pulled over for a routine traffic infraction, but rather was stopped as he was walking through a grocery store parking lot.

To prove ineffective assistance of counsel, defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced defendant. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case. *Id.* Judicial scrutiny of counsel's performance is highly deferential. *Id.* In addition, counsel's performance must have been completely unreasonable—not merely wrong. *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Defendant's new statements directly contradict information provided in the previous proceedings. There are no supporting facts that support his claim that he was not read his *Miranda* rights. Without supporting facts, there is no fundamental defect which results in a miscarriage of justice. His claims are conclusory, instead of particularized. Defendant also has not demonstrated that counsel's performance was prejudicial. He fails to clarify which statements should have been suppressed or when those statements were taken. Without this information, the court cannot determine the prejudicial effect of those statements.

Because the facts of this case do not support defendant's *Miranda* claim, counsel's representation met the standard of reasonableness and did not prejudice defendant. Ground One of defendant's § 2255 motion does not merit an evidentiary hearing.

**B. Ground Two**

Second, defendant argues that he was entitled to credit for time served while in ICE custody. The Bureau of Prisons has discretion to deny credit on a federal sentence. *Heddings v. Garcia*, 491 F. App'x 896, 898 (10th Cir. 2012). Prisoners can only seek judicial review of the computation of their

credits after exhausting their administrative remedies. *United States v. Wilson*, 503 U.S. 329, 335–36 (1992) (citation omitted). The Bureau of Prisons exercised its discretion, and defendant has not shown that he has exhausted his administrative remedies. In addition, the Tenth Circuit indicated that this argument failed to provide a nonfrivolous ground for appeal. Because this was previously considered by the Tenth Circuit, defendant may not raise this issue in a § 2255 motion. *Warner*, 23 F.3d at 291. Ground Two of defendant's § 2255 motion does not merit an evidentiary hearing.

**C. Ground Three**

Third, defendant argues that the deportation order violated his due process rights and his right to judicial review, citing *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), as authority. The Supreme Court found in *Mendoza-Lopez* that a material element of the offense prohibited by 8 U.S.C. § 1326 was a lawful deportation order. 481 U.S. at 839. Because the defendants in that case did not understand the immigration judge's explanation of the deportation proceedings, they had not made knowing and intelligent waivers of their right to that remedy or their right to appeal. *Id.* at 840. Their deportation order was therefore unlawful. *Id.* at 842.

8 U.S.C. § 1326(d) has been amended since *Mendoza-Lopez*. A defendant-alien may challenge the legality of a deportation order only if he can show that (1) he exhausted any administrative remedies that may have been available to seek relief against the order, (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. *United States v. Adame-Orozco*, 607 F.3d 647, 651 (2010) (citing *United States v. Rivera-Nevarez*, 418 F.3d 1104, 1107–08 (10th Cir. 2005)). A final deportation order is presumed legal. *Id.* Once the government demonstrates that the alien was deported because of a final deportation order, the burden shifts to the defendant. *Id.* The defendant must then prove each element to overcome the presumed legality. *Id.*

Defendant has not carried his burden to prove all three elements of his claim. Defendant never indicates that he exhausted administrative remedies that may have been available. He also simply makes conclusory statements about the order instead of giving specific facts as to why the order was improper. Also, the Tenth Circuit found that this argument was undeveloped upon appeal. Because defendant lacks any evidence to support his claim and the Tenth Circuit already considered and disposed of this ground, Ground Three of defendant's § 2255 motion does not merit an evidentiary hearing.

### D. Ground Four

Fourth, defendant argues that the court lacked jurisdiction "to file an indictment after [defendant] was handed over from state custody to 'ICE custody' for removal proceedings under the due process." Defendant argues that because he never received a traffic violation citation, the court lacked subject matter jurisdiction. It is true that defendant was not specifically arrested for a traffic violation. But he was taken into custody for illegally reentering the United States after being deported. Defendant presents no evidence that the court lacked jurisdiction after this particular arrest. Also, defendant brought this issue upon appeal, and the appellate court indicated that it was a conclusory and undeveloped argument that provided no grounds for appeal. This issue is barred from a § 2255 motion because it was previously considered and disposed of on appeal. *Warner*, 23 F.3d at 291. Ground Four of defendant's § 2255 motion does not merit an evidentiary hearing.

### E. Ground Five

Fifth, defendant indicates that defense counsel misled defendant into his plea of guilty. He states that he was told "he would only be pleading to Re-Entry and was not told, Interp[r]eted, Translated that I would also be pleading to 1326 (A)(B)(2) [sic] if Interp[r]eter had Translated this during plea Hearing I would not have plead[ed] guilty during or before Sentencing. . . ."

-6-

Defendant's claim of being misled into his plea of guilty contradicts what the court told him at the plea hearing. The court explicitly said, "This was in violation of the Title 8 United States Code Section 1326 A and B 2. . . . Is this what you want to plead guilty to?" (Doc. 36 at 6:2-7 (quotation omitted)). An interpreter translated this for defendant. Defendant responded yes. Defendant's claims in Ground Five contradict the plea hearing in which he was specifically told to what he was pleading guilty. His statement that he was misled into a plea of guilty is conclusory and unsupported by the facts. Moreover, the Tenth Circuit already addressed defendant's argument on appeal and disposed of it. Ground Five of defendant's § 2255 motion does not merit an evidentiary hearing.

### F. Ground Six

Sixth, defendant claims ineffective assistance of counsel because his defense attorney allowed a removal order or reinstatement of removal orders to form the basis for his sentencing enhancement. This claim has no merit. The USPO recommended increasing his offense level consistent with United States Sentencing Guidelines. It was defendant's prior felony conviction that caused the sixteen-level sentence enhancement. Any public policy arguments contrary to this have been rejected by the Tenth Circuit. *See United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1166 (10th Cir. 2010) (upholding a sixteen-level enhancement and indicating that an argument against the enhancement is better made toward Congress than the Sentencing Commission). Defense counsel's actions with regard to the sentencing guidelines do not represent ineffective assistance of counsel, and any statement made to the contrary is conclusory. Ground Six of defendant's § 2255 motion does not merit an evidentiary hearing.

### G. Ground Seven

Seventh, defendant argues that defense counsel was ineffective for "misleading [defendant] into a plea without preserving fast track program." (Doc. 40 at 14.) This argument is again conclusory and

undeveloped. There is no indication that defendant's plea was uninformed. And defendant fails to explain how counsel was ineffective and how any alleged act by counsel prejudiced defendant. Defendant has made no showing that he had any possible fast-track program arguments to make. *Cf. United States v. Lopez-Macias*, 661 F.3d 485, 494–95 (10th Cir. 2011) (holding that to warrant a sentencing variance, the defendant "surely must make a minimum showing that a defendant charged with the same crime in a fast-track district would qualify for fast-track treatment."). Ground Seven of defendant's § 2255 motion does not merit an evidentiary hearing.

### H. Ground Eight

Eighth, defendant claims that counsel was ineffective because he failed to file a motion to dismiss the indictment based on a *Miranda* violation. Similar to the allegations in Ground One, this statement is conclusory. Defendant failed to produce any facts that would support a *Miranda* violation, and his counsel cannot be said to have acted unreasonably. Ground Eight of his § 2255 motion does not merit an evidentiary hearing.

### I. Ground Nine

Ninth, defendant claims that he was prejudiced by his counsel's failure to interpret or translate his plea petition from English to Spanish. Once again, in order to prove ineffective assistance of counsel, defendant must show that (1) the counsel's representation fell below objective standard of reasonableness and (2) that counsel's deficient performance prejudiced defendant. *Strickland*, 466 U.S. at 688.

Defendant's plea hearing took place through the use of an interpreter. The court asked defendant if he had "gone over with [his] attorney a petition to enter a plea of guilty. . . ." (Doc. 36 at 23:4–6 (quotation omitted).) The court also asked, "Has he [(defendant's counsel)] informed you of what's contained in that petition?" (*Id*. at 23:8–10.) Defendant responded yes to both questions. In

addition, defendant was informed, through the interpreter, of what he was being charged with and the consequences of pleading guilty, including judicial discretion with regard to sentencing, among other things. Defendant indicated that he understood his charges and the consequences of pleading guilty. The court specifically asked, "Do you understand that by pleading guilty, your plea of guilty may result in an order of deportation from the United States?" (*Id*. at 11:3–6.) Defendant, through the interpreter, said yes. Defendant is simply relying on a conclusory statement that counsel was deficient, without supplying facts to support that claim. The transcript of the plea hearing and his guilty plea directly undermine his claim. Ground Nine of defendant's § 2255 motion does not merit an evidentiary hearing.

### J. Ground Ten

Tenth, defendant claims that appellate counsel was ineffective for submitting an *Anders* brief. The Court in *Anders v. California* held that if counsel finds a case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. 386 U.S. at 744. This request must be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Id*.

Defendant's counsel did not act unreasonably when he filed the *Anders* brief, and his actions did not constitute ineffective assistance of counsel. The Tenth Circuit agreed with defense counsel that defendant lacked a nonfrivolous basis for an appeal and denied any relief. Judicial approval of counsel's *Anders* brief suggests that counsel acted reasonably. Ground Ten of defendant's § 2255 motion does not merit an evidentiary hearing.

### K. Ground Eleven

Defendant next argues that appellate counsel was ineffective for not arguing that defendant's trial counsel was ineffective. This statement relies on Ground Eight, which was based on conclusory

statements. Appellate counsel was not ineffective for failing to raise ineffective assistance of trial counsel because there is no evidence that trial counsel was ineffective. Moreover, a direct appeal is not the proper forum to raise ineffective assistance of counsel claims. *Galloway*, 56 F.3d at 1240 (explaining that such claims on direct appeal are presumptively dismissible and almost all will be dismissed). Therefore, defendant fails to show prejudice. Ground Eleven of defendant's § 2255 motion does not merit an evidentiary hearing.

### L. Ground Twelve

Next, defendant states once again that the court lacked jurisdiction to "file the indictment after petitioner [ ] was already under 'ICE' [ ] custody." Ground Twelve is duplicative of Ground Four. For the same reasons stated above, Ground Twelve of defendant's § 2255 motion does not merit an evidentiary hearing.

### M. Ground Thirteen

Defendant's final argument is that the court erred in imposing a period of supervised release. Defendant indicates that "effective November 1, 2011, Guidelines § 5D1.1 was amended to add subsection (c) which provides: 'The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.'" (Doc. 40 at 18.) Defendant then quotes *United States v. Martin*: "[A] district court must apply the Guidelines version in effect at the time of sentencing." 596 F.3d 284, 286 (5th Cir. 2010). Amendments to sentencing guidelines are not applied retroactively unless specifically listed in U.S.S.G. § 1B1.10(c). *See United States v. Randall*, 666 F.3d 1238, 1240 (10th Cir. 2011). Amendment 756, the amendment in question, does not appear in § 1B1.10(c), and therefore does not apply retroactively. *See United States v. Huerta*, 503 F. App'x 589, 594 (10th Cir. 2012).

The court may require that a defendant be placed on a term of supervised release after imprisonment. 18 U.S.C. § 3583. The authorized terms of supervised release are (1) for a Class A or Class B felony, not more than five years; (2) for a Class C or D felony, not more than three years; and (3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year. *Id.* The court has discretion to determine the length of the terms based on the factors set forth in § 3553(a).

The court sentenced defendant on July 18, 2011. The defendant, in quoting *Martin*, cites a case that contradicts his position. Because the amendment to the Guidelines took place November 1, 2011, the district court applied the Guidelines version in effect at the time of sentencing. These Guidelines did not include the provision regarding supervised release of deportable aliens. The court was correct in using its discretion to impose a period of supervised release. And there is no evidence of a miscarriage of justice or exceptional circumstances. *Davis*, 417 U.S. at 346. Ground Thirteen of defendant's § 2255 motion does not merit an evidentiary hearing.

**IV. <u>Conclusion</u>**

Defendant's grounds for relief are all based upon conclusory allegations, statements that are contradicted in the record, or issues which have already been fully litigated upon appeal. The record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record). The court denies defendant's § 2255 motion in its entirety.

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *United States v. Ivory*, No. 09-2376-KHV, 2010 WL 1816247, at *1 (D. Kan. May 3, 2010). The court may issue a certificate of appealability only if the applicant has made a substantial

showing of the denial of a constitutional right. *Id.* Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* Here, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. Therefore, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant Ovex Gomez-Alvarez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 40) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 29th day of July 2013, at Kansas City, Kansas.

>            s/ Carlos Murguia
>            **CARLOS MURGUIA**
>            **United States District Judge**