**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>) Case Nos.  11-20011-CM (Criminal)<br>v. ) 13-2067-CM (Civil)<br>)<br>)<br>OVEX GOMEZ-ALVAREZ, )<br>)<br>)<br>Defendant. )<br>)<br>_____) | |

## MEMORANDUM AND ORDER

This court recently denied defendant Ovex Gomez-Alvarez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 40). In that motion, defendant raised a number of challenges, including whether he knowingly and voluntarily entered a plea of guilty, whether the court had jurisdiction, and whether his counsel was ineffective. Defendant has now filed a Motion to Reconsider Memorandum and Order (Doc. 47). For the following reasons, the court denies the motion.

If a habeas petitioner files a Rule 59(e) or Rule 60(b) motion (essentially the equivalent of what defendant has titled a motion to reconsider here), the court must first examine whether the motion is a true motion to alter or amend judgment or for relief from judgment. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (discussing Rule 59(e)); *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (applying Rule 60(b)). The motion may actually be a second or successive petition. The question is whether the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; (2) challenges one of the court's procedural rulings that

precluded resolution of the habeas petition on its merits; or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215–16. Motions falling under the first category should be treated as second or successive petitions. Motions falling under the second or third category are treated as any other Rule 59(e) or 60(b) motion.

If the court finds that defendant's motion is actually a second or successive petition, then it handles it accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so." *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If the motion is "mixed," the court will also take mixed action: treating the Rule 59(e) or 60(b) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate. *Id.*

Defendant argues in his motion that the court erred in its ruling on defendant's § 2255 motion. His first two arguments respond to two of the court's statements in its ruling. The last eleven arguments reassert claims that he made in his original petition.

The court addresses the last eleven arguments first. Because they reassert bases for relief from defendant's conviction, defendant's challenge would lead "inextricably to a merits-based attack on the disposition of [his] prior habeas petition." *Spitznas*, 464 F.3d at 1216. Defendant is not merely challenging a procedural ruling or a defect in the integrity of the proceeding. Instead, he asks the court to consider the merits of his arguments again. For these reasons, the court determines that this portion of defendant's motion is properly construed as a second or successive petition.

Under 28 U.S.C. § 2255, federal prisoners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion. *In re Cline*, 531 F.3d at 1250. To obtain authorization, the defendant must demonstrate that the motion is based on a new constitutional rule or on newly discovered evidence. *United States v. Lara-Jiminez*,

377 F. App'x 820, 822 (10th Cir. 2010); 28 U.S.C. § 2255(h). When a second unauthorized § 2255 motion is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice. *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631.

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice. *In re Cline*, 531 F.3d at 1251. "A transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." *Lara-Jiminez*, 377 F. App'x at 822 (citing *In re Cline*, 531 F.3d at 1252). Section 2255(h) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced.[1] Defendant does not argue that either of these situations exists. The court also finds no indication that defendant's claims have merit; they are merely a rehashing of claims previously rejected by the court. The court therefore finds that it is not in the interest of justice to transfer the claims to the Tenth Circuit. The court dismisses this portion of defendant's motion without prejudice.

As for defendant's first two arguments, he directly responds to some of the court's observations about his petition. Specifically, the court noted the lack of supporting facts for defendant's *Miranda* claim and also stated that defendant's claims were conclusory and lacked particularization. In response, defendant now claims that his resources in prison are limited and outdated. He also attempts to clarify the nature of his claims. Arguably, these efforts challenge "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215–16.

---

[1] The court ordinarily considers several factors in evaluating whether a transfer is in the interest of justice: (1) whether the claims would be time-barred; (2) the merits of the claims; and (3) the good faith of the filer. *In re Cline*, 531 F.3d at 1251. Because defendant's motion is merely seeking to re-raise claims recently addressed by the court, these factors have little relevance here.

To the extent that this portion of defendant's motion can be construed as a Rule 59(e) or Rule 60(b) motion, he is not entitled to relief. A party may demonstrate entitlement to relief from judgment under Rule 59(e) by showing a change in law, new evidence, or a "need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (identifying elements for a motion to reconsider, which mirror those for a Rule 59(e) motion). Under Rule 60(b), a party may obtain relief by showing:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Defendant has offered no argument that would support a finding under any of these elements. He had a full opportunity to offer his arguments at the time he filed his original motion. The court evaluated the motion and pointed out its deficiencies. Now, defendant is not entitled to try to support his motion better. The court finds no basis for 59(e) or 60(b) relief. To the extent that these two arguments can be construed as additional or repeated grounds for habeas relief, they are also dismissed for the same reasons discussed above with respect to the last eleven arguments.

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order. The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). To the extent that a certificate of

appealability is necessary in this case, the court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above and in the court's Memorandum and Order disposing of defendant's habeas motion, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion to Reconsider Memorandum and Order (Doc. 47) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 15th day of October 2013, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**